4. That Steinke is estopped from claiming exemption from liability on the contract.

Attorneys—Burch, Bacon & Denlinger and Wilcox, Berk & Harvey, for Martin; Musser, Kimber & Huffman, for Steinke; all of Akron.

---

## No. 54

### VARIETY IRON & STEEL CO. v. NOVAK et

#### No. 19532. Supreme Court

On motion to certify. Dock. Jan. 5, 1926; 4 Abs. 40.

**225. CHARGE TO JURY—In an action for personal injuries against two defendants for negligence, must the court separate and definitely state to the jury in the charge the issues of fact involved?**

Esther Novak was a passenger in a street car belonging to the Cleveland Railway Company going west on Woodland Avenue in Cleveland. At East 40th Street, this car collided with a motor truck belonging to the Variety Iron & Steel Company, which was proceeding north on East 40th Street, thereby injuring Novak. On trial in the Cuyahoga Common Pleas there was great conflict in the testimony concerning the speed of the car and truck, the respective position of each and the location of the car when the truck crossed Woodland Avenue. Several acts of negligence against both companys were set up in the petition and the court charged the jury in part as follows:

"Were the defendants, both, or either of them, negligent? That is, by the negligence of the defendants, did the Railway Company's car come in collision with the truck of the defendants, The Variety Iron & Steel Company or, did the truck by the negligence of the Street Railway come into collision with the street car without negligence on the part of the truck, or did the Street Railway, without negligence on its part, but by the negligence on the part of the truck, come into collision with the truck of the Iron & Steel Company, or did the collision between the Street Car and the truck

of the Iron and Steel Company occur without the fault or negligence of either?"

The jury returned a verdict for Novak and judgment was rendered thereon which was affirmed by Court of Appeals.

The Iron & Steel Company in the Supreme Court contends under Railway v. Lockwood, 72 OS. 586, that the court erred in failing and refusing to separate and to definitely state to the jury the issues of fact which were involved.

Attorneys—Dustin, McKeehan, Merrick, Arter and Stewart, for Iron & Steel Co.; Payer, Winch, Minshall & Karch, for Novak; Squire, Sanders & Dempsey, for Rwy. Co.; all of Cleveland.

---

## No. 55

### OHIO BELL TELEPHONE CO. v. CENNAMO

#### No. 19535: Supreme Court

On motion to certify. Dock. Jan. 5, 1926; 4 Abs. 40.

**445. EASEMENTS—Does a telephone company secure an easement by prescription or adverse possession to maintain cables over property by maintaining such cables over said property for a period of 21 years without any grant from or parole agreement with the owner?**

Domenico Cennamo brought an action in the Franklin Common Pleas for damages resulting from cables over his property maintained by the Ohio Bell Telephone Company and for a mandatory injunction ordering the removal of these cables.

Two telephone cables, owned by the company pass over property belonging to Cennamo. The poles to which these cables are fastened are in the public streets. The cables were erected in 1899 without any right, grant or authority to do so and have been maintained and operated by the company ever since, openly and without hindrance or protest from the owners of the premises.

The Common Pleas dismissed the action on the ground that "a right to use the privilege has been acquired by prescription. This judgment was reversed by the Court of Appeals, on the theory that no adverse or prescriptive rights were secured.

The Company in the Supreme Court contends that as the cables were maintained across Cennamo's property for more than 21 years without any right, grant or authority to do so and that as the owners of the property never acquiesced in or consented to the use of said premises by the company, that necessarily the defendant's use and occupancy of the premises must have been adverse and that therefore the company has acquired a prescriptive right by the adverse character of the use of the property.

Attorneys—Henderson & Burr and R. H. Treffinger, for Company; Wilson & Rector, for Cennamo; all of Columbus.